# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

Tammy Janikowski,           )
                            )
            Plaintiff,      )
                            )
     v.                     )
                            )  No. 04 C 4391
Anthony Principi, Secretary,)
Department of Veteran Affairs,)
                            )
            Defendant.      )
                            )

## MEMORANDUM OPINION AND ORDER

Tammy Janikowski ("Janikowski") filed a complaint under Title VII of the Civil Rights Act of 1964 alleging gender-based employment discrimination against the Secretary of the Department of Veteran Affairs, Anthony Principi ("defendant"), for actions occurring during her employment at the Edward J. Hines Veterans Affairs Hospital ("Hines"). Janikowski was employed at the GS-12 level as the chief of the Health Information Management Section ("HIMS") from 1992 until 2000. HIMS is responsible for maintaining patient records, filing records, coding medical procedures, and making patient charts available for physicians at Hines. William Soltys ("Soltys") was Janikowski's immediate supervisor for the time period during which the events underlying the complaint arose. Jacqueline Kuchyak ("Kuchyak") was the Associate Director of Hines and indirectly oversaw HIMS during this period. Dr. Robert O'Hara ("O'Hara") was the Chief of Informatics at Hines.

In 1997, Hines underwent an accreditation review by the Joint Commission on the Accreditation of Hospitals ("JCAHO"). The HIMS department performed poorly on its part of the review. Therefore, in preparation for a subsequent JCAHO accreditation review in 2000, management expressed its desire to conduct a mini-audit of twenty medical records in order to determine if HIMS was ready for the review. Janikowski, however, refused to compile the audit data because her department was understaffed. Janikowski's refusal led to a confrontation and heated exchange with Kuchyak during which Kuchyak questioned Janikowski's ability to manage HIMS. Shortly thereafter Kuchyak ordered an independent team to audit HIMS. The audit was conducted by a five-person team that was led by the Assistant Director of Health Information, Barbara Millas ("Millas"). The audit team recommended that a new higher level GS-13 position be created to oversee the HIMS department and that Janikowski's title and job responsibilities be reclassified. Following the advice of the audit team, management at Hines developed and posted the new position on May 11, 2000. There were three applicants for the new position, but only Janikowski met the official requirements. Janikowski was not selected for the position, however, and the position remained open. Eventually, the new position was filled by a woman, Cheryl Weiner ("Weiner"). After being rejected, Janikowski transferred to the VA Medical Center in Biloxi, Mississippi on July 28, 2000.

Janikowski originally filed an EEO complaint on April 11, 2000, claiming gender discrimination and a hostile work environment during the period from January to April, 2000. She later amended the complaint to add a claim for non-selection for the new GS-13 position on July 28, 2000. An EEO hearing was conducted on March 4, 2002. On August 21, 2002, the Administrative Law Judge issued an opinion finding that Janikowski had failed to prove her claims. The VA issued its final agency decision on September 30, 2002, and that decision was affirmed by the EEOC on March 25, 2003. Janikowski filed a complaint in the Southern District of Mississippi on June 27, 2003 and the case was transferred to this court on July 1, 2004. Janikowski's single-count complaint alleges that she was forced to endure a hostile work environment, and that forced her to transfer to a position with the VA in a different city.[1]

As a preliminary matter, the court notes that there are serious issues with Janikowski's submissions. Many of her responses to defendant's statement of material facts are not in conformance with Local Rule 56.1(b). These responses are largely a series of qualified admissions laden with argument that attempt to present additional facts that are of questionable relevance to defendant's assertions (and often without proper citation to the

---

[1] Defendants' memorandum addresses a failure to promote claim as well. Her complaint does not allege a claim based on a failure to promote.

3

record). Additionally, Janikowski's brief merely lists a series of facts she believes are favorable to her case and then proceeds to cite general authority for the summary judgment standard and proposition that a plaintiff is entitled to proceed on Title VII claims under either the direct or indirect method of proof. Her brief fails to cite a single case from this Circuit, is unresponsive to defendant's arguments, and makes no attempt to analyze the facts of this case under the standards of any controlling law. Janikowski argues only that "the great weight of evidence demonstrates the requisite elements of Plaintiff's claims and, moreover, provides compelling evidence of a hostile work environment." A review of the facts cited by Janikowski demonstrates, however, that defendant is entitled to summary judgment on the merits.

Summary judgment is appropriate where the record shows that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. *Lexington Ins. Co. v. Rugg & Knopp*, 165 F.3d 1087, 1090 (7th Cir. 1999); FED. R. CIV. P. 56(c). I must construe all facts in the light most favorable to the non-moving party and draw all reasonable and justifiable inferences in favor of that party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). "The nonmoving party must offer something more than a 'scintilla' of evidence to overcome summary judgment . . . and must do more than 'simply show that there is

some metaphysical doubt as to the material facts.'" *Roger Whitmore's Auto. Servs. v. Lake County, Ill.*, 424 F.3d 659, 667 (7th Cir. 2005) (quoting *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986)).

"A hostile work environment is one that is one that is 'permeated with discriminatory intimidation, ridicule and insult.'" *Cooper-Schut v. Visteon Auto. Sys.*, 361 F.3d 421, 426 (7th Cir. 2004) (quoting *Shanoff v. Ill. Dept. of Human Servs.*, 258 F.3d 696, 704 (7th Cir. 2001)). In order to establish a claim for hostile work environment Janikowski must show that 1) she was subject to unwelcome harassment; 2) the harassment was based on her gender; 3) the harassment was severe or pervasive so as to alter the conditions of the employee's environment and create a hostile or abusive working environment; and 4) there is a basis for employer liability. *Id.*

Janikowski points to Kuchyak's criticisms made to both her and Soltys regarding her ability to perform her job, Kuchyak's decision to audit HIMS, and the public humiliation resulting from the denial of her application for the GS-13 position as evidence of a hostile work environment. This conduct does not rise to the level of a hostile work environment as a matter of law. Janikowski has not presented any evidence of conduct directed toward her that is sexual in nature. Instead, Janikowski's theory is that the sexually neutral conduct of criticizing her work performance,

5

auditing her department, and creating a position above her was motivated by the fact that Kuchyak disliked her because she was a woman. Janikowski has failed, however, to bring forth any admissible evidence in support of her theory that these actions were taken because of her gender.[2] *See Herron v. DaimlerChrysler Corp.*, 388 F.3d 293, 303 (7th Cir. 2004) ("Herron does not show any connection between these occurrences and his race . . . [and] [t]he fact that he is a member of a protected class does not transform them."). Based upon the record, no reasonable fact-finder could conclude that Janikowski's gender, and not her perceived inadequate work performance, was the actual motivating factor behind the actions taken by the management at Hines. Janikowski points to no specific evidence that any other similarly situated department

---

[2] Janikowski makes two attempts to draw a connection between Kuchyak's conduct and gender discrimination. First, she alleges that Kuchyak was aware of a rumor that Janikowski and Soltys were having an improper relationship and took these actions in response. Janikowski only speculates that this was a motivating factor behind Kuchyak's decision. Moreover, even if Janikowski could show that this alleged relationship was a motivating factor in Kuchyak's conduct, it does not establish that any actions were taken against Janikowski *because of her gender*. Janikowski has cited no case law in support of this theory. Second, Janikowski states that other supervisors jokingly "said that I was attractive and that she didn't like that." This assertion, however, is inadmissible hearsay because Janikowski is attempting to introduce it for the fact that Kuchyak actually did not like her because she was attractive. *Russell v. Acme-Evans Co.*, 51 F.3d 64, 68 (7th Cir. 1995). Janikowski has not argued that it qualifies under any exception to the hearsay rule. Therefore, all that remains is Janikowski's own speculation that Kuchyak did not like her because of her looks, and that is not sufficient to create a genuine issue of material fact.

chief overseen by Kuchyak was treated differently. Janikowski's suggestion that she was entitled to be selected for a position that was specifically created to fix a department that was in disarray during her tenure is patently unreasonable. Furthermore, the conduct Janikowski complains of simply was not severe or pervasive enough to constitute a work environment that is "permeated with discriminatory intimidation, ridicule and insult." See Rogers v. City of Chicago, 320 F.3d 748, 752 (7th Cir. 2003) ("The workplace that is actionable is the one that is hellish.")(quoting Perry v. Harris Chernin Inc., 126 F.3d 1010, 1013(7th Cir. 1997)).

ENTER ORDER:

*Elaine E. Bucklo*
**Elaine E. Bucklo**
United States District Judge

Dated: March 28, 2006

7